from that arrived at on the trial. Motion for new trial denied.

[See Michigan Ins. Bank v. Eldred (decided in 1870) 9 Wall. (76 U. S.) 544; Eldred v. Michigan Ins. Bank (decided in 1873) 17 Wall (84 U. S.) 545; Michigan Ins. Bank v. Eldred (decided in 1889) 130 U. S. 693, 9 Sup. Ct. 690; and Michigan Ins. Bank v. Eldred (decided in 1892) 143 U. S. 293, 12 Sup. Ct. 450.]

MICHIGAN, L. S. R. CO. (KERP v.). See Case No. 7,727.

MICHIGAN MUT. LIFE INS. CO. (PRATHER v.). See Case No. 11,368.

MICHIGAN SOUTHERN & NORTHERN INDIANA R. CO. (WOOD v.). See Case No. 17,957.

MICHIGAN SOUTHERN R. CO. v. The HENDRIK HUDSON. See Case No. 6,358.

MICHIGAN STOVE CO. (DETROIT STOVE WORKS v.). See Case No. 3,834.

## Case No. 9,529.

In re MICKEL.

[See 6 Fed. 706.]

## Case No. 9,530.

MICKEY v. STRATTON.

[5 Sawy. 475; 11 Chi. Leg. News, 314.] [1]

Circuit Court, D. Oregon.   May 5, 1879.

DEED OF CORPORATION—POSSESSION—TITLE—JUDGMENT—ATTACHMENT—SERVICE—CONSPICUOUS PLACE.

1. The signatures of the proper officers appearing to be the instrument purporting to be the deed of a corporation, the presumption is that such instrument was signed by them by authority of the corporation; and if the seal of the corporation is upon such instrument, that itself is prima facie evidence of their authority to sign.

2. Possession is prima facie evidence of title, and proof of prior possession is sufficient to maintain ejectment against a mere trespasser.

3. When both parties in ejectment claim title from the same person, neither is at liberty to deny that such person had title.

[Approved in McDonald v. Hannah, 8 C. C. A. 426, 59 Fed. 978.]

[Cited in Smith v. Laatsch, 114 Ill. 273, 2 N. E. 59.]

4. A personal judgment for money or damages in a state court against an absent defendant who did not appear in the action, is so far a nullity.

5. By a valid attachment of property within its jurisdiction a state court acquires jurisdiction to give judgment that an absent defendant not otherwise served with process in the proceeding is indebted to the plaintiff therein, and to enforce the payment of the same by the sale of such property.

6. Where the statute authorizes a writ of attachment to be served upon real property by leaving a copy of the same with the occupant

thereof, "or if there be no occupant," then "in a conspicuous place" thereon, and it appears from the return that the writ was served by posting a copy on the premises without stating whether they were occupied or not: Held, that the service upon the premises was unauthorized and invalid, and that the judgment thereon was a nullity and the sale of the property attached void.

7. Semble, that a service of a writ of attachment by leaving a copy of the writ upon the premises is not good unless it appears that it was posted thereon "in a conspicuous place."

[8. Cited in Rickards v. Ladd, Case No. 11,804, to the point that an amendment to a return can in no way affect the rights of persons not parties to the suit, which rights were acquired in good faith before the amendment was made.]

Action [by Robert Mickey against Julius A. Stratton] to recover possession of real property.

Addison C. Gibbs, W. Scott Beebee, and J. Quinn Thornton, for plaintiff.

Rufus Mallory and W. W. Thayer, for defendant.

DEADY, District Judge. This action is brought to recover the possession of the east half of lots 1 and 2 in block 20, and the whole of block 15, in the town of Salem, and damages for the detention of the same.

The complaint alleges that the plaintiff is a citizen of the state of Pennsylvania and the defendant of the state of Oregon; that the plaintiff is the owner in fee of the premises, and entitled to the possession of the same, which the defendant wrongfully withholds from him to his damage five hundred dollars; and that the premises are of the value of four thousand dollars.

The defendant by his answer denies the allegations of the complaint except as to the value of the property, and pleads title and right to the possession of the premises in Parrish L. Willis, which plea the plaintiff by his replication denies. The case was heard by the court without the intervention of a jury.

The premises are situated in township 7 south, of range 3 west, of the Wallamet meridian, and within the husband's half of the donation claim of William H. Willson and Chloe his wife. The "claim" was occupied by them in 1844, and claimed by Willson as a settler under the donation act in February, 1852, as appears by his notification, number forty-seven. On February 4, 1862, in pursuance of the surveyor-general's certificate, number twenty, a patent to the donation issued to Willson and wife—the south half to the husband and the north one to the wife.

On July 30, 1855, Willson and wife, in consideration of the sum of one hundred dollars, duly conveyed the east half of lots 1 and 2 aforesaid to George Lesley, who upon December 4, 1857, in consideration of the sum of two hundred dollars, duly conveyed the same to George K. Shiel.

On December 2, 1854, said Willson and wife duly conveyed sundry blocks and parcels of

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 11 Chi. Leg. News, 314, contains only a partial report.]